# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MILLIGAN, | Case No. CV 10-6538-JST (JEM) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| FRANCISCO QUINTANA, Warden, | |
| Respondent. | |

## PROCEEDINGS

On September 1, 2010, Omar Milligan ("Petitioner"), a federal prisoner proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241 ("Petition"). The instant Petition challenges Petitioner's 1999 judgment in the District of South Carolina, Case No. CR 97-803-PMD. (Petition at 2.) In that case, Petitioner pled guilty to one count of using or carrying a firearm during and in relation to a crime of violence and one count of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Petitioner was sentenced to imprisonment for a total term of 300 months. (See Docket, United States v. Omar Milligan, Case No. CR 97-803-PMD (D.S.C.).)

**PRIOR § 2255 PROCEEDINGS**

On December 20, 2001, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, in which he challenged the 1999 judgment. (See Docket, Omar Milligan v. United States, Case No. CV 01-4808-PMD (District of South Carolina).) Petitioner alleged ineffective assistance of counsel. (Id., Document No. 1.) On November 5, 2003, the Motion was denied as untimely, and the action was dismissed. (Id., Document Nos. 25, 26.)

On May 12, 2006, Petitioner filed a second Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, in which he again challenged the 1999 judgment. (See Docket, Omar Milligan v. United States, Case No. CV 06-1444-PMD (District of South Carolina).) In this Motion, Petitioner alleged that, because the Government dismissed the underlying counts charging him with a drug trafficking crime and a crime of violence, he is actually innocent of the § 924(c) violations to which he pled guilty. (Id., Document No. 1.) On October 10, 2006, the Motion was dismissed as an unauthorized second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A). (Id., Document No. 10.)

On September 1, 2010, Petitioner filed the instant Petition, in which he argues that the trial court erred in sentencing him under § 924(c) and that he received ineffective assistance of counsel. (Petition at 3-4.)

**DISCUSSION**

**A.    It Appears That the Instant Petition Is Properly Construed as a Motion Under 28 U.S.C. § 2255**

The Court first must determine whether the Petition is properly construed under § 2241 or § 2255. Jurisdiction over each type of petition lies with a different court, and there are strict limits on the number of petitions an individual may file under § 2255. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). In general, a motion to contest the legality of a conviction or sentence must be filed under § 2255 in the sentencing court, while a motion to challenge the execution of a sentence must be filed under § 2241 in the custodial court. See 28 U.S.C. §§ 2255(a), 2241(a); see also Stephens v. Herrera, 464

F.3d 895, 897 (9th Cir. 2006); Hernandez, 204 F.3d at 865; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention . . . , and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Here, Petitioner challenges the constitutionality of his judgment of conviction and sentence. (Petition at 2-3.) Accordingly, it appears that the Petition is properly construed as a § 2255 motion.

### B. It Does Not Appear That Petitioner Is Eligible to Bring a § 2241 Petition Under the Savings Clause of § 2255

There is a "savings clause" in § 2255 by which a federal prisoner who already has brought a § 2255 motion may seek relief under § 2241 if he can demonstrate that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255); see also Hernandez, 204 F.3d at 864-65. The savings clause is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 is not inadequate or ineffective merely because a prior § 2255 motion was denied or because a second § 2255 motion would be barred. See id.; see also Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Tripati, 843 F.2d at 1162-63.

A petitioner may invoke the savings clause only if he: "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citations omitted); see also Ivy, 328 F.3d at 1060. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Here, there is no indication that Petitioner is claiming actual innocence of the crimes to which he pled guilty or that he was obstructed procedurally from presenting his current claims. In these circumstances, there is no showing that the savings clause would apply

and allow Petitioner to bring a habeas petition under § 2241.  Accordingly, it appears that the Petition should be construed as a § 2255 motion.

### C. If the Petition Is Construed as a § 2255 Motion, It Should Be Dismissed for Lack of Jurisdiction

Jurisdiction over a § 2255 motion lies only in the sentencing court.  28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 865.  Accordingly, if the Petition is properly construed as a § 2255 motion, this Court lacks jurisdiction over it.

Moreover, it appears that this matter should not be transferred to the District of South Carolina, but should be dismissed.  "Transfer is appropriate under [28 U.S.C.] § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice."  Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (citation omitted).  Here, it appears that the District of South Carolina could not have exercised jurisdiction over the Petition at the time it was filed because there is no showing that Petitioner has obtained the required certification from the Fourth Circuit before filing a second or successive § 2255 motion.  This lack of certification would deprive the district court of jurisdiction.  See 28 U.S.C. §§ 2244(a), (b)(3), 2255(h); Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam); Cooper v. Calderon, 274 F.3d 1270, 1274-75 (9th Cir. 2001).

Moreover, transfer would not be in the interest of justice because it does not appear that Petitioner would qualify to obtain the required certification from the Fourth Circuit or would be able to correct this jurisdictional defect.  A petitioner is prohibited from bringing a second or successive § 2255 motion unless "a panel of the appropriate court of appeals" certifies that the motion contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h); see also Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008).  Here, it appears that Petitioner fails to meet

either of the two statutory requirements because (1) there is no newly discovered evidence at issue, and (2) he is not relying on a new rule of constitutional law.

It also appears that transfer would not be in the interest of justice because the Petition was filed more than ten years after the applicable statute of limitations expired, and it appears to be untimely. 28 U.S.C. § 2255(f) (one-year statute of limitations for filing petition under § 2255).

## ORDER TO SHOW CAUSE

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the instant Petition should not be construed as a § 2255 motion and dismissed as successive. Petitioner must submit a written response to the Court, addressing the matters raised herein, no later than **October 4, 2010**. Failure to respond by this deadline may result in the instant Petition being dismissed.

DATED: September 3, 2010            /s/ John E. McDermott
                                            JOHN E. MCDERMOTT
                                   UNITED STATES MAGISTRATE JUDGE